Order, Supreme Court, New York County (Milton A. Tingling, J.), entered May 15, 2012, which granted defendant’s motion to vacate the judgment, same court and Justice, entered January 15, 2010, in plaintiffs favor, affirmed, without costs.
In Matter of World Trade Ctr. Bombing Litig. (17 NY3d 428, 455 [2011]), the Court of Appeals held that the doctrine of governmental immunity insulated the Port Authority from tortious liability for injuries claimed in connection with the 1993 World Trade Center bombing. That case involved litigation by hundreds of plaintiffs who sued the Port Authority for injuries incurred in the terrorist bombing. Most of the plaintiffs were represented by counsel for a steering committee appointed by a trial court, but some plaintiffs, including Nash, had separate counsel. The cases were all consolidated for proceedings to determine the Port Authority’s alleged liability, and a joint liability trial of the consolidated cases, including the Nash case, resulted in a single verdict finding the Port Authority liable for negligence.
This Court affirmed the trial court’s order denying the Port Authority’s motion to set aside the verdict, rejecting the Port Authority’s governmental immunity argument (Nash v Port Auth. of N.Y. & N.J., 51 AD3d 337, 344 [1st Dept 2008]). The cases were then separated for individual damages proceedings in the trial court. After a damages judgment was entered in favor of Nash, the Port Authority appealed, and by order dated June 2, 2011, we affirmed “insofar as appealed from as limited by the briefs, awarding postjudgment interest at the fixed rate of nine percent per annum” (Nash v Port Auth. of N.Y. & N.J., 85 AD3d 414, 414 [1st Dept 2011]). Defendant did not seek leave to appeal from that order.
After a damages judgment was entered in favor of a different plaintiff, Ruiz, defendant sought leave to appeal to the Court of Appeals from the judgment of Supreme Court pursuant to CPLR 5602 (a) (1) (ii), and the Court granted leave. The appeal brought up for review both the judgment in the Ruiz action and our prior order as to Ruiz (Matter of World Trade Ctr. Bombing Litig., 17 NY3d at 441). The Court of Appeals reversed the judgment entered in favor of plaintiff Ruiz, as well as our order which had affirmed the trial court’s denial of the Port Authority’s motion to set aside the liability verdict.
*421 Since the judgment in plaintiffs favor was based on an order that had been reversed, the trial court properly vacated the judgment (see CPLR 5015 [a] [5]; McMahon v City of New York, 105 AD2d 101 [1st Dept 1984]). The dissent is correct that in McMahon, the order that was vacated was subject to appeal, while the order here (the Nash judgment) was no longer subject to appeal. Despite this difference in procedural posture of the two cases, we believe that the underlying reasoning expressed in McMahon applies here as well. As in McMahon, since the final judgment in this case holds the defendant hable for “damages in a case in which, as a matter of law as established by the [Matter of World Trade Ctr. Bombing Litig. ] decision . . . , the [defendant] should not be liable at all” (105 AD2d at 103), the judgment should be vacated. Regarding the Court of Appeals’s statement in Matter of World Trade Ctr. Bombing Litig. that the Nash action is beyond the scope of that appeal (17 NY3d at 441 n 7), this is simply an acknowledgment that while Nash was given permission to argue the appeal before the Court, her action was not being addressed by the Court. It does not render the motion court’s action in vacating Nash’s judgment improper. The motion court did not abuse its discretion by vacating a final judgment where the Court of Appeals had reversed “the interlocutory judgment of liability on which the final judgment was based” (McMahon at 102). Concur—Friedman, J.P., AbdusSalaam and Román, JJ.